# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY MATT HIRSCHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-444-SPS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Wesley Matt Hirschi requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born January 16, 1974, and was thirty-six years old at the time of the administrative hearing (Tr. 90). He completed the ninth grade, and has no past relevant work performed at substantial gainful activity levels (Tr. 80, 90). The claimant alleges that he has been unable to work since April 1, 2007, because of mashed discs in his mid to upper back, and AC separation of the 3rd degree in his left collar bone, right knee problems, broken right ankle, right hand problems due to a break, limited left had usage due to loss of two fingers, severe migraines, seizures, and depression (Tr. 263).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on February 12, 2009. His applications were denied. ALJ Trace Baldwin held an administrative hearing and found that the claimant was not disabled in a written opinion dated September 20, 2010 (Tr. 73-81). The Appeals Council denied review, so the ALJ's opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he could lift/carry twenty pounds occasionally and ten pounds frequently, and sit/stand/walk six hours in an eight-hour workday, but could climb ramps/stairs, balance, kneel, stoop, crouch, crawl, reach overhead with the left upper extremity, and finger and perform fine manual manipulation with the left hand only occasionally (Tr. 77). The claimant could perform only simple and some complex tasks in a familiar setting with direct supervision, relate to supervisors and co-workers only superficially, and not have frequent contact with the public (Tr. 77). The ALJ concluded that although the claimant had no past relevant work to which he could return, he was nevertheless not disabled because there was work he could perform, *e. g.*, machine operator (light or sedentary), assembler (light or sedentary), hand sander, and bench worker (Tr. 80).

## Review

The claimant's sole contention on appeal is that the ALJ erred by finding there were jobs he could perform, *i. e.*, the jobs listed in the testimony of the vocational expert (VE) at the administrative hearing. The Court agrees, and the Commissioner's decision must therefore be reversed and the case remanded for further proceedings.

At the administrative hearing, the ALJ elicited testimony from a VE to determine if there were jobs the claimant could perform with his limitations. He posed a number of hypothetical questions requiring the VE to assume various limitations and identify the

work someone with such limitations could perform. First, the ALJ posited an individual with the age, education and work history of the claimant who could lift/carry twenty pounds occasionally and ten pounds frequently; stand/walk/sit six hours in an eight-hour workday; push and pull without limits, including operating hand and foot controls; climb ramps, stairs, ladders, ropes, and scaffolds and balance, stoop, kneel, crouch, and crawl, reach overhead with the left arm and do fine finger manipulation with the left hand only occasionally; perform simple and some complex tasks in a familiar setting with direct supervision, relate to co-workers on a superficial work basis, adapt to work environment but not work with the general public where frequent or fast-paced contact was required (Tr. 121-22). The VE identified three light, unskilled jobs such a person could perform: (i) machine operator, such as a can filler or closing machine tender, DICOT § 529.685-282; (ii) assembler, DICOT § 712.687-010; and (iii) hand sander, DICOT § 761.687-010. The VE also identified three sedentary jobs such a person could perform: (i) machine operator, such as a toy stuffer, DICOT § 731.685-014; (ii) assembler, DICOT § 713.687-018; and (iii) bench hand, DICOT § 715.684-026 (Tr. 123-24). The ALJ then posited a person with the additional limitations of only occasionally pushing/pulling, including the operation of hand and foot controls, as well as no working at heights, around dangerous moving equipment or machinery, and no driving automobiles or other moving machinery such as forklifts or dump trucks (Tr. 124-125), to which the VE responded: "[W]ith the additional restrictions to the hand, the pushing and pulling of hand controls would, I think, require reaching and grasping, the grasping and the limitations there of the increased – or the decreased use of the hands, along with the other issues, I feel this

person would not be able to do the light [or sedentary] work that I've mentioned" (Tr. 125). Significantly, the ALJ elicited no testimony from the VE about whether any of the jobs he identified were consistent with the job descriptions contained in the Dictionary of Occupational Titles ("DOT") (Tr. 120-128).

In his written decision, the ALJ determined that the claimant's RFC included only the limitations from the first hypothetical posed to the VE (Tr. 77). He adopted the VE's testimony that the claimant could perform the light jobs of machine operator, assembler, and hand sander, and the sedentary jobs of machine operator, assembler, and bench worker (Tr. 80). Further, although there was no evidence at the administrative hearing on this point, the ALJ specifically found that the VE's "testimony [wa]s consistent with the information contained in the [DOT]" (Tr. 81).

The ALJ should undoubtedly have asked the VE whether there was any conflict between his testimony and the DOT before concluding that there was none, because "[w]hen vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict irrespective of how the conflict was identified." Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *4. The ALJ's failure to do this would be harmless error if there were in fact no conflicts between the VE's testimony and the DOT, *see Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) ("Although we agree that the ALJ erred by not inquiring about whether there were any conflicts between

the VE's testimony about the job requirements for the jobs identified and the job descriptions in the DOT, we conclude that this error was harmless because there were no conflicts."), but the error was not harmless here because there are conflicts that the ALJ should have resolved. For example, the DOT descriptions require frequent fingering and fine manipulation for five of the jobs identified by the VE. *See* DICOT § 529.685-282 ("Can-Filling-and-Closing-Machine-Tender" requiring frequent handling and fingering); DICOT § 712.687-010 ("Assembler, Plastic Hospital Parts" requiring frequent handling and fingering); DICOT § 761.687-010 ("Sander, Hand" requiring frequent fingering); DICOT § 713.687-018 ("Hackler, Doll Wigs" requiring frequent handling and fingering); DICOT § 715.684-026 ("Bench Hand" requiring constant handling and frequent fingering). The ALJ did not ask the VE to reconcile any of these conflicts between the DOT job description and the claimant's RFC and consequently erred in relying on the VE's testimony to determine that the claimant was not disabled. *See, e. g., Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."). *See also Krueger v. Astrue*, 337 Fed. Appx. 758, 760-762 (10th Cir. 2009) (reversing and remanding in part because ALJ failed to resolve conflict between VE's testimony and DOT job descriptions); *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (applying *Haddock* to nonexertional limitations); *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (noting that SSR 00-4p "requires that an

ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]").

Noting that "[t]he loss, or the loss of the use, or an arm or hand is not disabling per se," *Odle v. Secretary of Health & Human Services*, 788 F.2d 1158, 1161 (6th Cir. 1985), the Commissioner argues that the foregoing analysis founders upon the assumption that the jobs identified by the VE require *bilateral* fingering. There is some support for this argument, but the Court notes that cases turning on this distinction contain much greater analysis of the jobs and limitations than the ALJ provided here. *See, e. g., Trimiar v. Sullivan*, 966 F.2d 1326, 1332 & n. 20 (10th Cir. 1992) ("Testimony was elicited . . . whether other people with similar physical limitations performed these jobs."). *See also Jones v. Shalala,* 10 F.3d 522, 526 (7th Cir. 1993) ("[T]he VE testified that he personally had placed one-armed individuals in the types of jobs he described for Jones."); *Odle*, 788 F.2d at 1161 ("[The VE] testified that appellant could work as . . . an unarmed guard or doorkeeper."). Furthermore, "[m]ost unskilled sedentary jobs require good use of both hands and the fingers; *i. e.*, bilateral manual dexterity." Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *8 (July 2, 1996).

None of this would matter were there not a similar problem with the last of the six jobs identified by the VE, *i. e.*, toy stuffer. *See, e. g., Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) (finding any error on whether claimant could perform job was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country."). The DOT

job description for this job requires only occasional fingering, but frequent reaching and handling. *See* DICOT § 731.685-014. The Commissioner argues that any conflict in this regard is speculative because the claimant is limited only in his ability to reach overhead, while the DOT speaks to reaching in any direction. *See, e. g., Segovia v. Astrue*, 226 Fed. Appx. 801, 804 (10th Cir. 2007) ("The [DOT] does not separately classify overhead reaching."). It is not clear if the VE was fully aware of the overhead limitations given his subsequently-expressed concern over pushing/pulling and reaching/grasping (Tr. 125), but in any event the job of toy stuffer is performed at the sedentary level, which as noted above requires "good use of both hands and the fingers, *i. e.*, bilateral manual dexterity." SSR 96-9p, 1996 WL 374185, at *8.

As noted above, in this circuit "the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock*, 196 F.3d at 1091. *Compare Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089 (2000) ("We agree with the Sixth Circuit that when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT."). The ALJ failed to do in this case, so the Commissioner's decision must be reversed and the case remanded for further proceedings. On remand, the ALJ should resolve any conflicts between the VE's testimony and the DOT and determine what impact, if any, such resolution has on the issue of the claimant's disability.

**Conclusion**

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 31st day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma